**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JESUS JIMENEZ-BAEZA,

Defendant–Appellant.

No. 10-1073
(D.C. No. 1:09-CR-00326-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before, **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Jesus Jimenez-Baeza appeals his within-Guidelines sentence, arguing it was

substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Jimenez-Baeza pled guilty to Unlawful Re-Entry of a Deported Alien Subsequent

---

[*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

to Conviction for Commission of an Aggravated Felony, a violation of 8 U.S.C. § 1326(a) and (b)(2). As part of the plea agreement, Jimenez-Baeza admitted that he was ordered removed in 1999 following a state conviction for conspiracy to sell narcotics. In April 2009, he was arrested—and subsequently convicted in Colorado state court—for possession of a controlled substance with intent to distribute. Shortly after this arrest, and before his state conviction, immigration officials discovered Jimenez-Baeza, leading to the instant federal criminal charge and conviction.

A pre-sentence investigation report ("PSR") prepared for Jimenez-Baeza calculated an advisory Guidelines range of 46 to 57 months' imprisonment, and recommended that the sentence be imposed concurrently with his state sentence. The district court imposed a sentence of 57 months' imprisonment, to run consecutively with his state sentence. It provided several reasons for selecting a sentence at the top of the Guidelines range: (1) Jimenez-Baeza was only discovered in this country because he was detained on non-immigration-related criminal charges; (2) his criminal history category was understated because a number of convictions involving "dangerous assaultive behavior" were not assessed criminal history points; (3) previous judicial and administrative interventions in Jimenez-Baeza's life had been unsuccessful in deterring criminal conduct; and (4) Jimenez-Baeza did not present any special or mitigating circumstances, such as an especially disadvantaged childhood or post-offense rehabilitation.

**II**

On appeal, Jimenez-Baeza does not challenge the manner in which his sentence was imposed, but contends that the sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008).

Jimenez-Baeza advances three arguments. First, he contends the district court should not have considered the fact that he was discovered by immigration officials due to his 2009 arrest, because the state sentence he received as a result of that arrest increased his criminal history category for the purposes of his federal sentence. But convictions for which a defendant has already served a sentence usually increase a defendant's criminal history category. See U.S.S.G. § 4A1.1. The district court properly considered Jimenez-Baeza's conviction in determining his Guidelines range, see id., and also considered the circumstances of Jimenez-Baeza's apprehension in imposing a sentence within that range, see 18 U.S.C. § 3553(a)(1) (sentencing court shall consider "the nature and circumstances of the offense," among other factors). The court's

reference to the 2009 arrest and conviction at two distinct steps of the sentencing process did not constitute an abuse of discretion.

Second, Jimenez-Baeza argues the district court overstated his criminal history. We disagree. Although he avoided legal trouble until he was nearly 40 years old, the district court correctly noted that Jimenez-Baeza has been convicted on numerous drug and assault charges since. The court did not abuse its discretion by determining that Jimenez-Baeza's previous sentences were insufficient to deter criminal behavior.

Finally, Jimenez-Baeza takes issue with the district court's rejection of his plea for leniency based on letters from his family. The district court stated:

> His plea today is a common one. But a selfish and misguided one. Judge, please minimize my sentence so I can have a life and time with my children.
> Well, fathers who care for their children don't sell poison, dangerous drugs, in any country. They provide a positive, not an abjectly negative role model. And they most of all never use their children as a shield because with courage they stand in front of their children to protect them and guide them and not use them as a platform for unmerited unwarranted sympathy.

Contrary to Jimenez-Baeza's argument, the district court did not add punishment based on perceived "selfishness in pleading for mercy for his children's sakes." In imposing a within-Guidelines sentence, the district court simply declined to lessen Jimenez-Baeza's sentence based on family circumstances, and did not abuse its discretion by doing so.

### III

Jimenez-Baeza's arguments considered individually or in concert fall well short of demonstrating that the district court's imposition of a sentence at the top of his

Guidelines range was "arbitrary, capricious, whimsical, or manifestly unreasonable."

Friedman, 554 F.3d at 1307 (quotation omitted).  Accordingly, we **AFFIRM**.

Entered for the Court,


Carlos F. Lucero
Circuit Judge